

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 11, 1962

Hon. D. C. Greer                    Opinion No. WW-1306
State Highway Engineer
Texas Highway Department    Re:  Whether the Highway De-
Austin 14, Texas                         partment has the authority
                                                  to purchase, erect and
                                                  maintain certain highway
                                                  markers pursuant to High-
                                                  way Commission Minute
                                                  Order No. 50806, and
Dear Mr. Greer:                              related question.

          You have asked this office to render an opinion as
to whether or not the Highway Department has the authority to
purchase, erect and maintain certain highway markers pursuant
to Highway Commission Minute Order No. 50806. You have fur-
ther asked whether or not Section 7a of Article VIII, Texas
Constitution, would present any bar to utilizing Highway Fund
moneys in carrying out the proposed program.

          Relevant portions of Highway Commission Minute
Order No. 50806 are set forth below:

          "WHEREAS, signs marking points of interest
and potential destination are an integral and
necessary part of a modern highway; and

          ". . .

          "WHEREAS, our system of roadside parks and
turnouts have proven to be a factor in the reduc-
tion of accidents by providing a safe place for
drivers to park, relax, stretch and otherwise
avoid the effects of driver fatigue; and

          "WHEREAS, the erection of the aforementioned
markers in roadside parks and turnouts would
discourage stopping on the shoulders of the high-
ways near such points and would encourage more
drivers to stop and relax in such parks and
turnouts thereby furthering the cause of safety
on our highways;

"NOW, THEREFORE, BE IT ORDERED that the
State Highway Commission hereby finds and deter-
mines that such markers should be erected, that
when such markers are erected they will cons-
titute an integral part of the highway system
which is necessary to provide adequate and
satisfactory service to a great portion of
the traveling public and that they will
contribute toward safer use of the highways.
. . ."

From the foregoing it can be seen that the Texas
Highway Commission has made an administrative finding of
record, to the effect that the highway markers here under
discussion will constitute an integral part of the highway
system, and that they will contribute toward safer use of
the highways.

Article 6674d, Vernon's Civil Statutes, states in
part:

"All further improvement of said State
Highway System with Federal aid shall be made
under the exclusive and direct control of the
State Highway Department and with appropriations
made by the Legislature out of the State Highway
Fund. . . ."

Article 6674a defines "improvement" as including
"construction, reconstruction or maintenance, or partial con-
struction, reconstruction or maintenance and the making of
all necessary plans and surveys preliminary thereto."

By entry of the Minute Order, the Texas Highway
Commission expressed its view that the contemplated marker
program was an "improvement" to the highway system of the
State of Texas, and that the markers would become an integral
part of the system, contributing materially to the safety of
drivers using the highways of Texas. We may not dispute that
finding. The reason is amply stated by Chief Justice
McClendon of the Austin Court of Civil Appeals in Johnson
v. Ferguson, 55 S.W. 2d 153 (Civ.App. 1932):

"In matters of judgment touching the
Highway Commissioners' functions, theirs,
and not that of another, is supreme. Cer-
tainly their acts other than those of a
purely ministerial nature should not be
stayed at the hands of the courts, and the
important functions of the department thereby
impeded or impaired, except upon verified
allegations of fact showing unequivocally
that they are exceeding the bounds of their
legal authority: Their acts in the exercise
of an honest discretion must be respected
when untainted by fraud . . .or such abuse
of discretion as under the authorities
would avoid the same."

The General Appropriation Act of the 57th Legislature,
under the heading HIGHWAY DEPARTMENT, provides, in Item
13:

"For all other operating expenses involved
in establishing, planning, constructing, and
maintaining a system of State Highways as con-
templated and set forth in Chapter I, Title 116,
Revised Civil Statutes of 1925 . . ."

It is thus clear that the Legislature, in making an appro-
priation for the Highway Department, has not attempted to
spell out the precise purposes for which the moneys may be
used. This function is left for the Highway Commission.
And if the Highway Commission, in its discretion, determines
that a particular type of highway marker is a proper im-
provement to the highway system of Texas, that determination
must stand, barring a proper appeal to the courts.

There is, of course, one other ground upon which
the proposed expenditure may be challenged, and that is un-
constitutionality. Article VIII, Section 7a, of the Texas
Constitution, contains the following provisions:

"Subject to legislative appropriation, al-
location and direction, all net revenues remaining
after payment of all refunds allowed by law and
expenses of collection derived from motor vehicle
registration fees, and all taxes. except gross

production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic, and safety on such roads."

No other Constitutional provision appears to bear upon the particular type of expenditure here under examination.

As has already been mentioned, in Minute Order No. 50806 the State Highway Commission found that such markers will constitute an integral part of the highway system which is necessary to provide adequate and satisfactory service. It is the opinion of this office that the word "integral" as used in the finding, operates to bring the proposed expenditure within the provisions of Section 7a of Article VIII, Texas Constitution. The rationale of Johnson v. Ferguson, supra, would control, regarding the force of an administrative finding by the Highway Commissioners. Neither Section 7a of Article VIII, nor any other provision of the Texas Constitution prohibits carrying out the proposed program with money in the Highway Fund.

## SUMMARY

Under the findings contained in Minute Order No. 50806 of the State Highway Commission, the Commission has authority to purchase, erect and maintain certain highway markers as integral parts of the highway system of the State of Texas, out of the general appropriation for the State Highway Department. Neither Section 7a of Article VIII, nor any other provision of the Texas Cons-

titution, would prohibit the Highway Department from carrying out the proposed program with money in the Highway Fund.

Very truly yours,

WILL WILSON
Attorney General of Texas

BY  Malcolm L. Quick
Assistant

MLQ:kkc

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Morgan Nesbitt
Elmer McVey
Norman V. Suarez
John Hofmann

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.